# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LAMAR HAIRSTON,<br><br>                Plaintiff,<br><br>    v.<br><br>G. GASGONIA, et al.,<br><br>                Defendants. | CASE NO. 5:22-cv-02236-MCS (SK)<br><br>**ORDER DISMISSING COMPLAINT** |

    Plaintiff is a California state prisoner serving a sentence of 22 years for residential burglary. Around October 2019, he faced prison disciplinary proceedings for distribution of a controlled substance that led to the loss of 212 days of good time credits against the term of his sentence. (ECF 1 at 4, 10-11). He claims that those proceedings were flawed for a variety reasons: they were allegedly tainted by employee misconduct and evidence tampering; initiated too late after the alleged prison rules violation happened; conducted by officials who had predetermined his guilt; and concluded with a miscalculation of the number of days that could be forfeited. (ECF 1 at 3-5, 11-12). Plaintiff also alleges that sometime in November 2019, a prison official somehow connected to the disciplinary proceedings threatened to hurt (or possibly kill) him with a "demeanor [that] suggested threatening intent." (ECF 1 at 17).

    Claiming an assortment of nonphysical injuries caused by these events, Plaintiff seeks monetary damages under 42 U.S.C. § 1983 from five California state correctional officers for their alleged roles in the disciplinary proceedings. Because he is proceeding in forma pauperis,

however, Plaintiff's complaint must be screened to ensure it alleges "cognizable claims." 28 U.S.C. § 1915A(a). His complaint does not survive that screening for (at least) four reasons.

*First*, a "prisoner's challenge to the wrongful deprivation of credits toward his sentence must be brought in a habeas petition"—not a § 1983 civil rights lawsuit. *Martinez v. Asuncion*, 2019 WL 5580969, at *3 (C.D. Cal. Sept. 18, 2019) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973)). So if Petitioner means to challenge the disciplinary proceedings in order to restore credits that he claims were wrongfully forfeited, his sole judicial remedy—when attacking "the validity of the fact or length of . . . confinement"—is a writ of habeas corpus granted by a state or federal court. *Preiser*, 411 U.S. at 489-90 (1973). The Court has no jurisdiction to provide such relief in a § 1983 suit.[1] *See Nettles v. Grounds*, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc).

*Second*, no matter if challenged through a habeas petition or a prisoner civil rights suit, disciplinary proceedings do not violate federal due process unless the proceedings involved "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 473 (1995). Thus, for instance, derogatory or harassing comments—while nothing to applaud—do not add up to a federal constitutional violation. *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Nor does enduring indignities because of alleged procedural irregularities during a disciplinary hearing state a federal due process claim. *See Butts v. Ibarra*, 2020 WL 4676375, at *9 (E.D. Cal. Aug. 12,

---

[1] Nothing in this order may be construed, however, to suggest that Plaintiff is eligible to seek habeas relief procedurally and, if so, whether he could obtain relief on the merits under federal or state habeas law.

2020). Indeed, a prisoner has no standalone federal "right to be free from false accusations." *Garrott v. Glebe*, 600 F. App'x 540, 542 (9th Cir. 2015); *see Jackson v. Baca*, 2014 WL 4093425, at *7 (C.D. Cal. Aug. 18, 2014) ("[T]he falsification of disciplinary reports does not state a standalone constitutional claim."). And even verbal abuse or threats—while nothing to condone of course—cannot by themselves amount to constitutional violations actionable under § 1983. *See Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Because these are the only types of wrongs that Plaintiff's complaint alleges, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915A(b).

*Third*, even if Plaintiff could allege facts sufficient to raise a procedural due process challenge to his disciplinary proceedings, he cannot recover damages from the defendants for only mental or emotional distresses. Under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e), "[n]o federal civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id.* Because Plaintiff alleges no predicate physical injury—nor is it plausible to infer any just from alleged irregularities in a prison disciplinary proceeding—he cannot proceed with his complaint under § 1983.

*Fourth*, Plaintiff's action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success on his claims would necessarily imply the invalidity of Plaintiff's disciplinary proceedings that caused the loss of sentence credits. "[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily

3

demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Even if Plaintiff is not seeking to restore the lost credits in this suit, he cannot hold liable the defendants allegedly responsible for the loss of those credits without necessarily demonstrating the invalidity of the underlying disciplinary proceedings that caused that loss. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). So unless that disciplinary action "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," Plaintiff cannot in the meantime recover damages for injuries from that disciplinary action through a § 1983 suit. *Heck*, 512 U.S. at 486-87.

For all these reasons, Plaintiff's complaint must be dismissed through screening under § 1915A. Granting leave to amend the complaint would be futile because a *Heck*-barred complaint cannot be cured by amendment. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004). Nor can Plaintiff's complaint alleging no predicate physical injury be amended to comply with the PLRA without contradicting the factual allegations of the original complaint. *See Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 846 (9th Cir. 2016). The complaint is therefore ordered dismissed without leave to amend. Judgment will be entered dismissing this action without prejudice.

IT IS SO ORDERED.

DATED: March 15, 2023

MARK C. SCARSI
United States District Judge